**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARK BUCHANAN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 18-11563

Hon. Marianne O. Battani

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Before the Court are objections (Dkt. 17) filed by Plaintiff Mark Buchanan to an August 9, 2019 Report and Recommendation ("R & R") issued by Magistrate Judge Stephanie Dawkins Davis (Dkt. 16). In the R & R, the Magistrate Judge recommends that the Court deny Plaintiff's motion for summary judgment (Dkt. 11), grant the Defendant Commissioner of Social Security's motion for summary judgment (Dkt. 14), and affirm the challenged decision of the Defendant Commissioner. For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's R & R in its entirety.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the procedural history and background facts of this case regarding Plaintiff's application for disability insurance and supplemental security income benefits. Nor do they take issue with the Magistrate Judge's summary of the administrative proceedings and findings of the Administrative Law Judge ("ALJ") on Plaintiff's claim for benefits. Accordingly, the Court adopts these unchallenged portions of the R & R.

## III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge. *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241 (internal quotation

marks and citation omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole. *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record. *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006). Further, in reviewing the Defendant Commissioner's resolution of Plaintiff's claim for benefits, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

## IV.   ANALYSIS

### A.   Objection No. 1

As the first of his two objections to the R & R, Plaintiff contends that his "ability to work during the time period at issue was severely over-estimated by the ALJ, and incorrectly affirmed by the Magistrate" Judge. (Dkt. 17, Plaintiff's Objections at 5.) He further asserts that "both the ALJ and the Magistrate Judge misconstrued medical evidence and testimony" in conducting their purportedly flawed assessments of Plaintiff's medical conditions and resulting limitations. (*Id.* at 4.)

3

As correctly observed by Defendant, however, Plaintiff's generalized objection is significantly undermined by his failure to identify any specific flaw in the Magistrate Judge's analysis in the R & R. Although Plaintiff cites various evidence in the administrative record as demonstrating that he suffers from a number of severe impairments, (*see id.* at 4-5), both the ALJ and the Magistrate Judge expressly recognized as much, (*see* Admin. Record at 18; R & R at 3). Yet, as explained by the Magistrate Judge, "the mere fact that a claimant suffers from a particular condition or carries a certain diagnosis does not equate to disability or a particular" residual functional capacity ("RFC"), and a "claimant's severe impairment[s] may or may not affect his or her functional capacity to work." (R & R at 14 (internal quotation marks and citation omitted).)

In this case, the Magistrate Judge pointed to the absence of "a medical opinion or other medical evidence suggesting that [Plaintiff] is more limited than found to be by the ALJ." (*Id.* at 15; *see also id.* at 18.) Beyond lodging a conclusory objection, however, Plaintiff makes no effort to specifically refute this finding by the Magistrate Judge, nor to overcome the evidentiary deficiencies identified in the R & R. To the contrary, the evidence Plaintiff cites in support of his objection consists entirely of his own testimony at the administrative hearing and his self-reports of symptoms and maladies in his visits with medical professionals. (*See* Plaintiff's Objections at 4-5.) Upon extensively surveying the entirety of the record, the ALJ explained why she did not fully credit Plaintiff's own statements regarding his conditions and limitations, (*see* Admin. Record at 21-25), and Plaintiff has not suggested any basis for disturbing the

4

ALJ's findings on these points.  Accordingly, the Court finds no error in the ALJ's assessment of Plaintiff's RFC, nor in the Magistrate Judge's analysis of this issue.

### B. Objection No. 2

Plaintiff next challenges the R & R on the ground that the Magistrate Judge purportedly overlooked a "medical opinion" and "findings" that, in Plaintiff's view, are inconsistent with the hypothetical questions posed by the ALJ to the vocational expert. (Plaintiff's Objections at 6.)  Specifically, Plaintiff points to a record from a Kresge Eye Institute ophthalmologist, Dr. Frank Hwang, stating that Plaintiff suffers from left eye "blepharospasm with associated memory loss, balance issues, hand shaking and headaches," (Admin. Record at 633), and he contends that this condition and its corresponding symptoms prevent him from performing the jobs identified by the vocational expert at the administrative hearing.  He further asserts that this medical record contradicts the Magistrate Judge's finding that "no treating source provided an opinion that [Plaintiff] had any specific functional limitations caused by his blepharospasm or was more limited than found by the ALJ."  (R & R at 15.)

As Defendant points out in response, however, this challenge is flawed in two respects.  First, while Plaintiff characterizes the statement in Dr. Hwang's treatment note as a "medical opinion," it appears that it merely reiterates Plaintiff's subjective report of the symptoms he attributed to his left eye condition.  In particular, the statement cited by Plaintiff from the third page of Dr. Hwang's treatment note is repeated nearly verbatim from the first page of this document, in which Dr. Hwang recounts the conditions and symptoms reported by Plaintiff himself.  (*Compare* Admin. Record at 631 *with id.* at 633.)  Nothing else in Dr. Hwang's treatment note suggests

5

that the passage relied upon by Plaintiff reflects this doctor's findings upon examination, such that the statement in question should be deemed the opinion of a treating physician.

In any event, even assuming this statement evidences Dr. Hwang's findings that Plaintiff suffered from left eye "blepharospasm with associated memory loss, balance issues, hand shaking and headaches," (*id.* at 633), Plaintiff fails to explain how these findings might refute the Magistrate Judge's observation that "no treating source provided an opinion that [Plaintiff] had any specific functional limitations caused by his blepharospasm or was more limited than found by the ALJ," (R & R at 15).  The ALJ, after all, found that Plaintiff suffered from the severe impairments of left eye blepharospasm and headaches, (*see* Admin. Record at 18), and determined that Plaintiff was capable of performing only a limited range of light work on account of these and other conditions, including his cognitive impairments, anxiety, and memory issues, (*see id.* at 20-25).  Nothing in the cited passage from Dr. Hwang's treatment note identifies any specific functional limitations beyond those incorporated into the ALJ's findings and hypothetical questions to the vocational expert, and Plaintiff has not shown (or even argued) otherwise.  Accordingly, the Court concurs with the Magistrate Judge's determination that there is "no basis" to conclude that the ALJ's hypothetical questions were flawed in any respect.  (*See* R & R at 16.)

## V. CONCLUSION

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Plaintiff's objections. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's August 9, 2019 report and recommendation (Dkt. 16) in its entirety, and **OVERRULES** Plaintiff's August 23, 2019 objections to the report and recommendation (Dkt. 17). Accordingly, Plaintiff's motion for summary judgment (Dkt. 11) is **DENIED**, Defendant's motion for summary judgment (Dkt. 14) is **GRANTED**, and the challenged decision of the Defendant Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date: September 25, 2019        s/Marianne O. Battani
                                MARIANNE O. BATTANI
                                UNITED STATES DISTRICT JUDGE